**Exhibit 1**

NINTH JUDICIAL DISTRICT
CURRY COUNTY, NM
FILED IN MY OFFICE

2008 APR -9  PM 1: 26

STATE OF NEW MEXICO
COUNTY OF CURRY
IN THE NINTH JUDICIAL DISTRICT COURT

ERNESTINE LOPEZ, MARGARET R. PADILLA,
LAURA ROSE,
          Plaintiffs,

vs.

FAMILY DOLLAR STORES OF NEW MEXICO, INC.,
a New Mexico Corporation doing business in Curry County
New Mexico,
          Defendants                        No. D-0905_____

### PEREMPTORY EXCUSAL OF THE HONORABLE DAVID REEB JR.

Comes Now, Plaintiffs by and through their undersigned attorney Eric D. Dixon, Attorney

and Counselor at Law, P.A., Portales, New Mexico, and pursuant to Rule 1-088.1 NMRA

hereby exercises their right to peremptorily excuse David Reeb Jr. from presiding over this

matter.

Respectfully Submitted:

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
Attorney for Plaintiffs



NINTH JUDICIAL DISTRICT
CURRY COUNTY, NM
FILED IN MY OFFICE

2008 APR -9 PM 1: 26

STATE OF NEW MEXICO
COUNTY OF CURRY
IN THE NINTH JUDICIAL DISTRICT COURT

ERNESTINE LOPEZ, MARGARET R. PADILLA,
LAURA ROSE,
      Plaintiffs,

vs.

FAMILY DOLLAR STORES OF NEW MEXICO, INC.,
a New Mexico Corporation doing business in Curry County
New Mexico,
      Defendants

D-0905 _____ 0200 _ 00 _ 19 1
No. _____

## JURY DEMAND

Comes Now, Plaintiffs by and through their undersigned attorney Eric D. Dixon, Attorney

and Counselor at Law, P.A., Portales, New Mexico, and pursuant to Rule 1-038 NMRA hereby

demand a jury trial of six (6) persons on all issues of fact in dispute between the parties, and

hereby tenders one hundred dollars ($100) as the jury demand fee to the District Court Clerk.

Respectfully Submitted:

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
Attorney for Plaintiffs



STATE OF NEW MEXICO
COUNTY OF CURRY
IN THE NINTH JUDICIAL DISTRICT COURT

ERNESTINE LOPEZ, MARGARET R. PADILLA,
LAURA ROSE,
      Plaintiffs,

vs.

FAMILY DOLLAR STORES OF NEW MEXICO, INC.,
a New Mexico Corporation doing business in Curry
County, New Mexico,
    . Defendant

NINTH JUDICIAL DISTRICT
CURRY COUNTY, NM
FILED BY IAY OFFICE

2008 APR -9 PM 1: 26

DEPUTY DISTRICT COURT.

No. _____

## CIVIL COMPLAINT FOR SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT)( QUID PRO QUO); WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; DEFAMATION; UNPAID OVERTIME COMPENSATION; PRIMA FACIE TORT; AND BREACH OF IMPLIED CONTRACT

Comes Now, Plaintiffs ERNESTINE Lopez, Margaret R. Padilla, and Laura Rose, by and

through their undersigned attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., and for

their complaint states:

### COMMON FACTS

1. Plaintiffs are all residents of Clovis, Curry County, New Mexico.

2. Family Dollar Stores of New Mexico, Inc. is a New Mexico corporation and its registered

agent for service of process may be served: The Prentice-Hall Corporation System, 125 Lincoln

Avenue, Suite 223, Santa Fe, New Mexico, 87501. Its principal place of business in New Mexico

is 410 East Marland Street, Hobbs, Hew Mexico, 88240.

3. Ernestine Lopez was hired in approximately September, 2006 by Michael Burns as a cashier

for Defendant and then was made Assistant Manager by Michael Burns in approximately

January, 2007.

1



4. Margaret P. Padilla was hired as a cashier on January 1, 2007 by Michael Burns, and was promoted to an Assistant Manager by Michael Burns in approximately February-March, 2007. While Ms. Padilla was promoted she never received her pay as Assistant Manager.

5. Laura Rose was hired as a cashier in March, 2007 by the Defendant.

6. All three Plaintiffs worked at the Family Dollar Store at 301 South Prince Street, Clovis, New Mexico.

7. Rudy Cuveas at all times material hereto was the District Manager for Defendant.

8. Rudy Cuevas would announced to ERNESTINE Lopez in the store in front of the other Plaintiffs "Ernie you know you love me." Rudy Cuevas would ask other store employees about ERNESTINE Lopez status.

9. Rudy Cuevas would call the Family Dollar Store where Plaintiffs worked repeatedly and ask for Plaintiffs. He would tell the Plaintiffs when he was going to be in Clovis, New Mexico.

10. Rudy Cuevas brought Ernestine Lopez and Laura Rose lunch on May 7, 2007.

11. Rudy Cuevas suggested that Ernestine Lopez perform oral sex on him in May, 2007 while unloading a truck.

12. Rudy Cuevas would pat Ernestine Lopez on the back and say "Ernie you know you still love me" on many different occasions sometimes in front of Margaret Padilla.

13. Rudy Cuevas told Laura Rose that her figure didn't look like she had children. He gave her a nick name "Slim" which he used repeatedly to refer to Laura Rose.

14. Rudy Cuevas was the supervisor to whom the Plaintiffs were supposed to report acts of sexual harassment, so making a report of sexual harassment would have been useless.

15. Rudy Cuevas told Plaintiff Margaret Padilla not to call the 800 help line for any concerns that

2

she might have.

16. Rudy Cuevas has told third parties that the Plaintiffs were terminated for stealing.

17. On or about May 5, 2007 Rudy Cuevas asked the Plaintiffs in the back room whether they were married, and how many children they had. He told Plaintiffs that he was married before. He told Plaintiffs' that Plaintiffs didn't have real men because they did not take them on cruises. He bragged about his house having a bar where he would drink with his friends. This talk made Plaintiffs very uncomfortable.

18. On May 7, 2007 in the afternoon Rudy Cuveas said to Ernestine Lopez and Laura Rose, "I'm staying the night at the La Quinta, would you like to have a three-some." He gave them his room number. He told them how big the pool was at the La Quinta Inn. Both Plaintiffs were shocked speechless.

19. On May 8, 2007, Rudy Cuevas came into the store in the early morning. When Laura Rose came to the front, Cuevas said to Margaret Padilla "what happened you guys get scared." Ms. Padilla asked what do you mean, and Mr. Cuevas said I bought beer, and told them my room number and told them about the pool. Ms. Rose looked at Ms. Padilla and told her "yeah, he invited us over for a three-some. He asked Laura Rose how many children she had and whether she was happily married.

20. On May 8, 2007 the Plaintiffs asks Rudy Cuveas whether their jobs were secure because the inventory was coming up short. Mr. Cuevas said their jobs were secure. He did say that if "his girls" [the Plaintiffs] did get fired he would not be coming to the store as much any more.

21. Ernestine Lopez arrived at work on the 14th of May, 2007 and was fired by Rudy Cuveas allegedly because of inventory shortages. Margaret Padilla arrived next and Rudy Cuveas told

3

her she was fired allegedly because of inventory shortages. Rudy Cuveas told her to walk out the door and don't talk to anyone. Plaintiff Margaret Padilla told him that she was going to get an attorney. She received a termination form signed by Rudy Cuevas which is attached as Exhibit 1. Laura Rose was fired later in the day allegedly for inventory shortages. A copy of Laura Rose's termination notice is attached as Exhibit 2. Ms. Rose asked Mr. Cuevas whether he thought she stole, and he responded "no."

22. After terminating them, Mr. Cuevas has, on a repeated basis, driven by Plaintiffs home to further intimidate them.

23. Plaintiffs' went to speak with Michael Burns after being fired. Burns told the Plaintiffs that when he went to work in May, 2006, inventory shrinkage was already approximately $54,000 and that Plaintiffs were not responsible for any shrinkage. He informed Plaintiffs that Cuevas had repeatedly asked about Ernestine Lopez marital status. He said that Cuevas had "something" for her.

## COUNT I-COMPLAINT FOR SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT)

Comes Now, Plaintiffs by and through their undersigned attorney and for Count I-Complaint for Sexual Harassment (Hostile Work Environment) states::

24. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

25. Plaintiffs are all females.

26. This action is brought pursuant to Title VII of the Civil Rights Act (42 U.S.C. 2000e).

27. At all times mentioned in this complaint, Defendant regularly employed fifteen (15) or more

4

persons, bringing Defendant within the provisions of Title VII which prohibits employers and their agents from discriminating on the basis of sex.

28. The Plaintiffs have all made timely complaints to the E.E.O.C. and received right to sue letters and brought this law-suit within ninety days of receiving their right to sue letter.

29. Throughout Plaintiffs' employment with Defendant, the Defendant created a hostile work environment.

30. Plaintiffs allege that the conduct of Defendant as described in this Complaint would have been offensive to any reasonable woman in the position of Plaintiffs. Plaintiffs did not consent to such conduct, and found it unwelcome and offensive. Defendant's conduct rendered Plaintiffs employment intolerable, and no reasonable woman in Plaintiffs position could have tolerated it.

31. Defendant took no action to cease the harassment or address the sexual harassment.

32. Defendant's conduct as described in this complaint was malicious and was intended to oppress, humiliate, and denigrate Plaintiffs and was totally without justification. Plaintiffs further allege that the conduct of Defendant was insulting, embarrassing, and sexually harassing Plaintiffs was taken in the course and scope of carrying out official duties and was made while Plaintiffs were on duty.

33. Plaintiffs further alleges that Defendant was aware or should have been aware of such conduct by Defendant's supervisory employees. However, no action reasonably designed to remedy the situation was taken. Further, the acts of sexual harassment were engaged in by management employees.

34. Plaintiffs allege that by its failure to prevent or correct the discrimination and sexual harassment of Plaintiffs by its supervisory employee as alleged above, Defendant acted to

condone and ratify such conduct with the knowledge that such ratification would thereby ·

interfere with Plaintiffs employment and ability to continue their career with Defendant.

35. As a result of Defendant's unlawful conduct as alleged in this complaint, Plaintiffs have lost

substantial employment benefits with Defendant, including lost wages, bonuses and other losses,

the precise amount of which will be proven at the time of trial.

36. As a further and direct proximate result of Defendant's unlawful conduct, Plaintiffs suffered

extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and

depression, the extent of which is not fully known at this time and the amount of damages caused

thereby is not yet fully ascertained, the precise amount to be proven at the time of trial.

37. The conduct of Defendant, as described in this complaint was oppressive, fraudulent, and

malicious, thereby entitling Plaintiffs to an award of punitive damages in an amount appropriate

to punish and make an example of Defendant.

    WHEREFORE, Plaintiffs request judgment against Defendant for:

    A. Compensatory damages including lost past and future wages and benefits; and

emotional distress damages.

    B. Punitive damages.

    C. Attorneys fees and costs.

    D. Pre-judgment and post-judgment interest.

    E. for such further relief as the Court deems appropriate.

## COUNT II-COMPLAINT FOR SEXUAL HARASSMENT-QUID PRO QUO

    Comes Now, Plaintiffs by and through their undersigned attorney and for Count II-Complaint

for Sexual harassment-Quid pro Quo states:

6

38. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

39. Plaintiffs were subjected to unwelcome sexual conduct in the form of sexual harassment set forth above.

40. The unwelcome conduct was based on Plaintiffs gender-female.

41. Plaintiffs reaction to the conduct affected a "term, condition, or privilege" of their employment in that they were terminated shortly after ERNESTINE Lopez and Laura Rose were sexually propositioned and Plaintiff Margaret Padilla objecting to such propositioning when told about it by Mr. Cuevas the next day.

WHEREFORE, Plaintiffs request judgment against Defendant for:

A. Compensatory damages including lost past and future wages and benefits; and emotional distress damages.

B. Punitive damages.

C. Attorneys fees and costs.

D. Pre-judgment and post-judgment interest.

E. for such further relief as the Court deems appropriate

## COUNT III-WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

Comes Now, Plaintiffs by and through their undersigned attorney and for Count III-Wrongful Termination in Violation of Public Policy states:

42. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

43. It is the public policy of the State of New Mexico and under federal law that acts of sexual

7

misconduct and harassment are against unlawful.

44. Plaintiffs termination violated the State and federal policy.

45. Plaintiffs termination caused them to suffer injury and damages.

46. Plaintiffs should be awarded punitive damages.

WHEREFORE, Plaintiffs request judgment as follows:

A. Compensatory damages including lost past and future wages and benefits; and

emotional distress damages.

B. Punitive damages.

C. Pre-judgment and post-judgment interest.

D. for such further relief as the Court deems appropriate.

## COUNT IV- DEFAMATION

Comes Now, Plaintiffs by and through their undersigned attorney and for Count IV-

Defamation states:

47.The allegations contained above and below are incorporated herein by reference as if set forth

in full herein.

48. Defendant through its agent Mr. Cuvevas publish to third-parties, including potential

employers of Plaintiffs in the City of Clovis, New Mexico, that Plaintiffs had been fired for

stealing.

49. These communications tended to harm Plaintiffs reputation so as to lower them in the

estimation of the community, or to deter third persons from associating or dealing with them.

50. The communication published by the Defendant was false.

51. Defendant was negligent in publishing the false communication.

8

52. Plaintiffs suffered actual damages proximately caused by the publication.

53. Plaintiffs should be awarded punitive damages.

WHEREFORE, Plaintiffs request judgment as follows:

A. Compensatory damages including lost past and future wages and benefits; and

emotional distress damages.

B. Punitive damages.

C. Pre-judgment and post-judgment interest.

D. for such further relief as the Court deems appropriate.

## COUNT V-COMPLAINT FOR UNPAID OVERTIME COMPENSATION

Comes Now, Plaintiffs by and through their undersigned attorney and for Count V-

Complaint for Unpaid Overtime Compensation states:

54. The allegations contained above and below are incorporated herein by reference as if set forth
in full herein.

55. Plaintiffs bring this action on behalf of themselves to recover unpaid overtime compensation,
liquidated damages, and attorneys fees and costs under the provisions of Section 16 (b) of the
Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216 (b)). Hereinafter referred to as the
Act.

56. Jurisdiction of this action is conferred on this Court by said 216 (b) and 28 U.S.C. 1337.

57. During the period of their employment with Defendant, Defendant employed Plaintiffs and
other similarly situated, who were engaged in commerce or in the production of goods for
commerce, as described in the preceding paragraph for may work weeks longer than forty (40)
hours and failed and refused to compensate Plaintiffs for such work in excess of forty (40) hours

9

at rates not less than one and one-half times the regular rates at which they were employed,

contrary to the provisions of federal law.

58. Defendants' actions were willful and intentional.

WHEREFORE, Plaintiffs ask that judgment be entered herein against Defendant

A. in the amounts respectively due Plaintiffs as compensation for over-time

compensation.

B. Liquidated damages and costs under the provisions of the Fair Labor Standards Act of

1938 as amended.

C. Reasonable attorneys fees.

D. Costs incurred herein.

E. Pre-judgment and post-judgment interest.

F. For such further and additional relief as the Court deems appropriate.

## COUNT VI-PRIMA FACIE TORT

Comes Now, Plaintiffs by and through their undersigned attorney and for Count VI-Prima

Facie Tort states:

59. The allegations contained above and below are incorporated herein by reference.

60. Although acting in an otherwise lawful manner, Defendant acted with the intent to injure

Plaintiffs and/or acted with certainty that its conduct would cause harm to Plaintiffs.

61. Plaintiffs were injured as a proximate result of Defendant's acts including lost income, loss

of status and reputation and other damages.

62. Defendant acted without justification or without sufficient justification.

WHEREFORE, Plaintiffs ask for judgment against Defendant for:

10

A. Actual damages.

B. Punitive damages.

C. Costs incurred in bringing this law-suit.

D. Pre-judgment and post-judgment interest.

E. For such further and additional relief as the Court deems appropriate.

## COUNT VII-BREACH OF IMPLIED CONTACT

## AS TO PLAINTIFFS ERNESTINE LOPEZ AND MARGARET PADILLA

Comes Now, Plaintiffs Ernestine Lopez and Margaret Padilla by and through their

undersigned attorney and for Count V-Breach of Implied Contract against Defendant states:

63. The allegations contained above and below are incorporated herein by reference as if set forth

in full herein.

64. During the time of Plaintiffs Ernestine Lopez and Margaret Padilla's employment Defendant

had a standard course of conduct of dealing with employees in good faith and fairly after a period

of probation which included progressive discipline and good cause termination. Such course of

conduct established an implied contract in law and equity.

65. Defendant by terminating Plaintiffs Ernestine Lopez and Margaret Padilla's employment

without progressive discipline and without good cause breached its implied contract with

Plaintiffs.

66. Plaintiffs Ernestine Lopez and Margaret Padilla have been damaged by Defendant's breach

of implied contract. Plaintiffs should be awarded reasonable damages as determined by the finder

of fact herein.

67. Defendants actions were in willful and wanton disregard to the rights of Plaintiffs and

11

punitive damages should be awarded.

WHEREFORE, Plaintiffs Ernestine Lopez and Margaret Padilla request judgment against

Defendant for:

A. Actual damages.

B. Punitive damages.

C. Pre-judgment and post-judgment interest

D. Costs of bringing this law-suit

E. For such further and additional relief as the Court deems appropriate.

Respectfully Submitted:

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
Attorney for Plaintiffs

12

**Exhibit 2**

STATE OF NEW MEXICO
COUNTY OF CURRY
NINTH JUDICIAL DISTRICT COURT

ERNESTINE LOPEZ; MARGARET R.
PADILLA; and LAURA ROSE
    Plaintiffs

vs.                                   CV 2008-191

FAMILY DOLLAR STORES OF
NEW MEXICO, INC.,
    Defendant.

### NOTICE TO ADVERSE PARTIES OF
### REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO PLAINTIFFS ERNESTINE LOPEZ, MARGARET R. PADILLA and
LAURA ROSE, AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on May 9, 2008, Defendant Family Dollar Stores

of New Mexico, Inc., filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b)

(Federal Question) in the United States District Court for the District of New Mexico.

A copy of the Notice of Removal was filed and is served contemporaneously

herewith and attached as **Exhibit 1**.

RESPECTFULLY SUBMITTED this 9th day of May 2008.

                                     *Shawn Oll*

                                R. Shawn Oller (N.M. Bar No. 8787)
                                LITTLER MENDELSON
                                2425 East Camelback Road, Suite 900
                                Phoenix, AZ 85016
                                Telephone:    602.474.3600
                                Facsimile:    602.957.1801
                                *soller@littler.com*
                                *Attorneys for Defendant*

Copy of the foregoing mailed
this 9th day of May 2008, to:

Eric D. Dixon
301 South Avenue A
Portales, NM 88130
*Attorney for Plaintiff*

**Exhibit 3**

STATE OF NEW MEXICO
COUNTY OF CURRY
NINTH JUDICIAL DISTRICT COURT

ERNESTINE LOPEZ; MARGARET R.
PADILLA; and LAURA ROSE
    Plaintiffs

vs.                             CV 2008-191

FAMILY DOLLAR STORES OF
NEW MEXICO, INC.,
    Defendant.

## NOTICE TO STATE COURT OF REMOVAL
## OF CIVIL ACTION TO FEDERAL COURT

TO THE CLERK OF THE NINTH JUDICIAL DISTRICT COURT:

PLEASE TAKE NOTICE that on May 7, 2008, Defendant Family Dollar Stores of New Mexico, Inc. ("Defendant") filed a Notice of Removal of Civil Action under 28 U.S.C. §1441(b) (Federal Question) in the office of the Clerk of the United States District Court for the District of New Mexico. A copy of said Notice of Removal and accompanying exhibits are attached as **Exhibit 1.**

PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal with the Clerk of this Court effects the removal of this action in accordance with 28 U.S.C. § 1446(d).

RESPECTFULLY SUBMITTED this 7th day of May 2008.

                                 *Shawn Oll*

                        R. Shawn Oller (N.M. Bar No. 8787)
                        LITTLER MENDELSON
                        2425 East Camelback Road, Suite 900
                        Phoenix, AZ 85016
                        *Attorneys for Defendant*
                        Telephone:    602.474.3600
                        Facsimile:    602.957.1801
                        *soller@littler.com*
                        *Attorneys for Defendant*

Copy of the foregoing mailed
this 9th day of May 2008, to:

Eric D. Dixon
301 South Avenue A
Portales, NM 88130
*Attorney for Plaintiff*

Jaye Sanschagrin